# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULINDA RUNAJ,<br><br>    Plaintiff,<br><br>vs.<br><br><br><br>WELLS FARGO BANK and TD SERVICE COMPANY,<br><br>    Defendants. | CASE NO. 09-CV-1320-IEG(BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO REMAND (Doc. No. 11);**<br><br>**(2) GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS THE COMPLAINT (Doc. No. 5); and**<br><br>**(3) DENYING AS MOOT DEFENDANT WELLS FARGO'S MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 6.)** |

  Presently before the Court are Plaintiff's motion to remand the case to state court, and defendant Wells Fargo Bank's ("Wells Fargo") motions to dismiss the complaint for failure to state a claim, or alternatively for a more definite statement. For the reasons stated herein, the Court denies Plaintiff's motion to remand, grants Wells Fargo's motion to dismiss, and denies Wells Fargo's motion for more definite statement as moot.

///

///

///

///

## FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2006, Plaintiff allegedly received a loan from Wells Fargo in the amount of $496,000.00. Plaintiff applied the loan proceeds to the purchase of a 6,000 square foot lot containing one home, and with the intention to rebuild a second home on the property, which had previously burned down. As of the date Plaintiff filed her complaint, she had not yet completed construction of the second home. Plaintiff alleges that because of recent declines in the real estate market, the value of the completed home would be $325,000 less than the current amount she owes on the loan. (Compl. at 3.)

Plaintiff, proceeding *pro se*, filed the instant complaint in San Diego Superior Court on May 22, 2009. The action allegedly arises, *inter alia*, from Defendants' refusal to agree to modify or negotiate the terms of Plaintiff's loan. The complaint alleges violations of California Civil Code Section 2923.6; the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; TILA's regulations, 12 C.F.R. §§ 226.1- .29 ("Reg. Z"); and the federal Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"). Wells Fargo removed the case to this Court on June 19, 2009. (Doc. No. 1.) On June 26, 2009 Wells Fargo filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) On June 29, 2009 Wells Fargo filed a motion alternatively moving for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. No. 6.) On July 23, 2009 Plaintiff filed an untimely opposition to Wells Fargo's motion to dismiss the complaint. (Doc. No. 8.) That same day, Plaintiff filed a "Response to Motion to Remove." (Doc. No. 9.) On July 27, 2009, Wells Fargo filed an additional brief in support of its motion to dismiss the complaint and for a more definite statement. (Doc. No. 7.)

In an order dated July 30, 2009 the Court construed Plaintiff's "Response to Motion to Remove" as a motion to remand the case to state court. (Doc. No. 10.) The Court also found Wells Fargo's motions to dismiss the complaint and for a more definite statement and Plaintiff's motion to remand to be appropriate for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). (Id.) The Court's order also gave Wells Fargo leave to file a reply to Plaintiff's untimely opposition to the motion to dismiss, and set a briefing schedule on the motion to remand. (Id.) Wells Fargo accordingly filed a "response" brief in support of its motions on August 13, 2009, and also filed an

opposition to Plaintiff's motion to remand. (Doc. Nos. 13 and 14.) Instead of filing a reply in support of her motion to remand, as directed by the Court's order, Plaintiff filed a second opposition brief to Wells Fargo's motion to dismiss on August 20, 2009.[1]  (Doc. No. 18.)

## DISCUSSION

I.     Plaintiff's Motion to Remand

    A.     Legal Standard

An action is removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a) (2009). The propriety of the removal may be tested in federal court by a motion to remand. 28 U.S.C. § 1447(c).  Remand of a case to state court after removal is appropriate when removal is procedurally improper or when there are no grounds for federal jurisdiction, whether federal-question (i.e. subject matter) or diversity. Id.; Baker v. BDO Seidman, L.L.P., 390 F. Supp. 2d 919, 920 (N.D. Cal. 2005) (noting that federal jurisdiction is "traditionally predicated upon diversity jurisdiction or federal question jurisdiction"). The removal statute is strictly construed against removal jurisdiction, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The party seeking removal bears the burden of proving the propriety of removal. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

    B.     Analysis

Plaintiff presents several arguments in support of her motion to remand the case to state court. First she appears to argue the removal was procedurally defective because she was improperly served with Defendant's notice of removal. (Motion to Remand at 2.) Plaintiff also appears to argue the Court has neither diversity nor federal question jurisdiction over the action. (Id. at 2-3.) Defendant argues Plaintiff's motion is untimely and that she has otherwise failed to properly challenge the removal of this case to federal court. The Court addresses each argument below.

---

[1] Plaintiff has attached documents to her second opposition that appear to be related to her loan transaction and also includes a "historical printout" of adjustable-rate mortgage indexes. Plaintiff has not requested that the Court judicially notice the documents, and the Court finds they are otherwise immaterial to its ruling on Wells Fargo's motion to dismiss.

### 1. "Procedural Defect" Objections

Plaintiff contends the removal of this case was procedurally improper because she was not "formally" served as required by Federal Rules of Civil Procedure 41 and 45, and did not receive "personal service" as required by Federal Rule of Civil Procedure 4. She further argues Wells Fargo's notice of removal failed to comply with Federal Rule of Civil Procedure 11.

28 U.S.C. § 1446(d), which governs the procedure for removal of a case from state court, provides that "[p]romptly after the filing of [a] notice of removal of a civil action the defendant[s] shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded." Section 1446(d) does not require "formal" or "personal" service of a notice of removal upon a plaintiff; it merely requires "written notice." Here, Wells Fargo filed a certificate of service with this Court on June 19, 2009 stating it had served the notice of removal upon Plaintiff by mail on June 18, 2009, along with the civil cover sheet, certification of interested parties, and defendant TD Service Company's consent to removal. (Doc. No. 4.)

Plaintiff has failed to identify any procedural defects in the removal of this case. Plaintiff does not contest the veracity of the proof of service described above, or contend that she did not receive written notice of the removal of the action as § 1446(d) requires. Moreover, Federal Rules of Civil Procedure 4, 41, and 45 do not apply to notices of removal. Rule 4 governs the service of a summons, Rule 41 governs the dismissal of actions, and Rule 45 governs the issuance of subpoenas. See Fed. R. Civ. Proc. 4, 41. and 45. Turning to Plaintiff's Rule 11 objection, 28 U.S.C. § 1446(a) provides, "defendant[s] desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure[.]" On June 19, 2009, Wells Fargo filed a notice of removal with this Court, which Wells Fargo's counsel signed, as required by Rule 11. Plaintiff has not explained how the notice of removal failed to otherwise comply with that rule.

Finally, as Wells Fargo correctly argues, Plaintiff's procedural objections are time-barred. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must

be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (2009); see also N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995) (holding § 1447(c) "requires that a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal.") Here, Wells Fargo filed its notice of removal on June 19, 2009. Plaintiff filed her motion to remand the case on June 23, 2009, 34 days after Wells Fargo filed the notice of removal. Accord In re Edward Jones Holders Litig., 453 F. Supp. 2d 1210, 1212 (C.D. Cal. 2006) (finding untimely a motion for remand for procedural defects filed 32 days after the notice of removal.) Plaintiff's motion to remand based on procedural defects in the case's removal is therefore denied.

2. Jurisdictional Objections

Plaintiff also appears to argue removal of the case is improper because the Court lacks both diversity and federal question jurisdiction over the action.[2] This is a curious argument, because the complaint alleges violations of several federal laws, including: the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; TILA's regulations, which are issued by the Federal Reserve System, 12 C.F.R. §§ 226.1- .29 ("Reg. Z"); and the federal Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"). These claims clearly arise under the "laws. . . of the United States," and therefore the court has original jurisdiction over them. See 28 U.S.C. § 1331 (2009).

Although the complaint does allege a violation of state law, Cal. Civ. Code § 2923.6,[3] and

---

[2] Wells Fargo removed this case to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, and *not* based on diversity jurisdiction. Because the Court's exercise of federal question and supplemental jurisdiction is dispositive, it does not reach the issue of whether it may exercise diversity jurisdiction over this case.

[3] Section 2923.6 provides, *inter alia*: "(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply: (1) The loan is in payment default, or payment default is reasonably foreseeable. (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis. [¶] (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority."

references injunctive relief under Cal. Civ. Proc. Code § 526,[4] the federal statute governing supplemental jurisdiction provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a) (2009).  This provision "applies with equal force to cases removed to federal court as to cases initially filed there." City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997).  Here, the Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims because Plaintiff's state and federal claims derive from a common nucleus of operative fact: Wells Fargo's loan to Plaintiff, and its alleged refusal to subsequently modify that loan.  See, e.g. Carpenters Health & Welfare Trust Fund v. Tri Capital Corp., 25 F.3d 849, 852-853 (9th Cir. 1994) (holding that because a state claim and federal claim arose from a "common nucleus of operative fact[,]" the district court could have properly asserted jurisdiction over the state claim), overruled on other grounds by S. Cal. IBEW-NECA Trust Funds v. Std. Indus. Elec. Co., 247 F.3d 920, 929 (9th Cir. 2001).  Accordingly, Plaintiff's motion to remand the case to state court is denied.

II.   Wells Fargo's Motion to Dismiss the Complaint

Wells Fargo has filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion is based on the grounds that: (1) Plaintiff has no private right of action under Cal. Civ. Code § 2923.6; (2) Defendant has no duty to modify Plaintiff's loan under § 2923.6; and (3) Plaintiff's claims for relief under TILA and HOEPA are time-barred and inadequately-alleged.  Moreover, in Wells Fargo's reply brief in support of its motion (Doc. No. 7), it raises the issue of Plaintiff's filing for Chapter 7 bankruptcy on June 29, 2009, subsequent to the filing of Wells Fargo's motion to dismiss.[5]  In light of this development, Wells

---

[4] Plaintiff's motion to remand also contends she has made a claim under Cal. Civ. Code §§ 1798.45(b)-(c), but the complaint itself contains no such allegations.

[5] Ordinarily the Court would not consider an argument raised for the first time in a reply brief, because Plaintiff would not have an opportunity to respond.  However, Plaintiff had not yet filed for bankruptcy when Wells Fargo filed its motion, so Wells Fargo could not have raised the issue in its initial brief.  Moreover, Plaintiff has taken the liberty of submitting a second opposition brief, which provided the opportunity for her to respond to Wells Fargo's contentions regarding her bankruptcy.

1  Fargo contends Plaintiff's lawsuit is the property of her bankruptcy estate and the case must be
2  dismissed because Plaintiff is no longer a real party in interest, as required by Fed. R. Civ. P. 17(a).
3  Although the Rule 17 issue is dispositive, the Court addresses the sufficiency of Plaintiff's substantive
4  allegations, in the event that she attempts to amend the complaint.

   A.   Legal Standard

6  A complaint must contain "a short and plain statement of the claim showing that the pleader
7  is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of
8  the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.
9  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). A complaint survives
10 a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it contains "enough facts to state a claim to relief
11 that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court only
12 reviews the contents of the complaint, accepting all factual allegations as true, and drawing all
13 reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th
14 Cir. 2005). Notwithstanding this deference, the court need not accept "legal conclusions" as true.
15 Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). Moreover, it is improper for a court to
16 assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of
17 Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Accordingly, a reviewing
18 court may begin "by identifying pleadings that, because they are no more than conclusions, are not
19 entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950.

20 However, "[w]hen there are well-pleaded factual allegations, a court should assume their
21 veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A claim
22 has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the
23 reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing
24 Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but
25 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a
26 complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line
27 between possibility and plausibility of entitlement to relief.' " Id. (citing Twombly, 550 U.S. at 557).
28 The Court recognizes the mandate to construe a pro se plaintiff's pleadings liberally in determining

1  whether a claim has been stated. Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

2      B.    Plaintiff's Status As the Real Party In Interest

3      Under Fed. R. Civ. P. 17(a) (2009), "[a]n action must be prosecuted in the name of the real party in interest." Wells Fargo has raised an objection under Rule 17,[6] and has directed the Court to the fact that on June 29, 2009 Plaintiff filed for Chapter 7 bankruptcy but did not list the instant lawsuit on her bankruptcy schedules. Accordingly Wells Fargo argues that the bankruptcy trustee, and not Plaintiff, is the real party in interest with respect to this action. In support of this contention, Wells Fargo has provided the docket printout for Plaintiff's bankruptcy case and a copy of Plaintiff's bankruptcy schedules.[7] The Court's review of the schedules confirms that they make no mention of the instant lawsuit. Plaintiff's second opposition to the motion to dismiss fails to address these contentions at all, and does not contest the veracity of the bankruptcy documents.

    1.    Applicable Law

    The act of filing a petition for relief under the Bankruptcy Code begins a bankruptcy case and creates an estate in bankruptcy. See 11 U.S.C. §§ 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.") and 541 (governing the property of a bankruptcy estate). The property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §

---

[6] Although the Ninth Circuit has not reached the issue, district courts have permitted parties to raise Rule 17 objections in the context of a motion to dismiss under Rule 12(b)(6). See Soto v. Diakon Logistics (Delaware), Inc., 2009 U.S. Dist. LEXIS 20541, at *5-6 (S.D. Cal. Mar. 13, 2009) (considering a Rule 17 objection as the basis for motion to dismiss under Rule 12(b)(6)); Cleveland v. Deutsche Bank Nat'l Trust Co., 2009 U.S. Dist. LEXIS 7165, at *4-5 (S.D. Cal. Feb. 2, 2009) (dismissing a plaintiff as a party under Rule 12(b)(6) because he was not a real party in interest as required by Rule 17); see generally Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ("Rule 17 refers to the making of an 'objection' to the action being prosecuted in the name of someone other than the real party in interest . . . . The objection may be raised either by a Rule 12(b)(6) motion to dismiss the complaint or as an affirmative defense in the answer.")

[7] Wells Fargo requested that the Court judicially notice these documents. In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Accordingly, a court may consider matters of public record on a motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. Cal. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991). The documents Wells Fargo has produced are public records subject to judicial notice under Fed. R. Evid. 201. The Court grants Wells Fargo's request for judicial notice and will consider the documents in ruling on this motion.

541(a)(1) (2009). It is well settled that prepetition causes of action, including TILA claims, are assets included within the meaning of property of the estate. See In re Smith, 640 F.2d 888, 890 (7th Cir. 1981) ("there is no question . . .that the [bankruptcy] estate includes causes of action such as [] truth-in-lending claims. . . ."); Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1453 (D. Haw. 1996).[8]  Accord Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001) (assets of the plaintiff's bankruptcy estate included prepetition causes of action for unpaid royalties).

Here, plaintiff brought suit on May 22, 2009. She filed for Chapter 7 bankruptcy on July 27, 2009. Her prepetition claims, including those set forth in this lawsuit, are therefore the property of her bankruptcy estate. A trustee in bankruptcy is the representative of the estate, and has the capacity to sue and be sued. 11 U.S.C. § 323 (2009). "Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate." Griffin v. Allstate Ins. Co., 920 F. Supp. 127, 130 (C.D. Cal. 1996). A Chapter 7 debtor may not prosecute a cause of action belonging to the bankruptcy estate absent a showing her claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. Rowland, 949 F. Supp. at 1453. As discussed below, plaintiff has not made either showing.

### 2. No Showing of Exemption from Bankruptcy Estate

Section 522 of the Bankruptcy Code specifies the federal property exemptions available to debtors. However, to qualify for these exemptions, the Code requires that the debtor "shall file a list of property that the debtor claims as exempt." 11 U.S.C. § 522 (2009). If a Chapter 7 debtor claims her prepetition causes of action under the bankruptcy exemption, she has standing to bring those claims. Id. at 1454 (citing Wissman v. Pittsburg Nat'l Bank, 942 F.2d 867, 870 (4th Cir. 1991)). If the debtor does not file such a list, the property it is not exempt and the bankruptcy trustee may dispose of it as he sees fit. Smith, 640 F.2d at 891. Here, Plaintiff has not alleged or otherwise shown that her claims fall under any Bankruptcy Code exemptions. She has also not shown that she has made

---

[8] In Rowland, the plaintiff refinanced his home with a loan secured by his property. A year later he attempted to rescind the transaction. Two days after that attempt he sued the mortgagee for rescission under TILA. A year later, he filed for Chapter 7 bankruptcy. The court found that his cause of action was included in the bankruptcy estate. It further found that he did not have standing to bring the claim because he did not allege the claim was exempt from the estate or abandoned by the bankruptcy trustee. Rowland, 949 F. Supp. at 1453-54.

the required claims for such exemptions. Therefore, her causes of action remain with the bankruptcy estate unless the bankruptcy trustee has abandoned them. See 11 U.S.C. § 554 (2009) (providing the means for abandonment of property of bankruptcy estate); Rowland, 949 F. Supp. at 1454.

### 3. No Showing of Abandonment by Bankruptcy Trustee

Abandonment of bankruptcy estate property may occur: by the trustee after notice to creditors and a hearing (Fed. Bankr. R. 6007 (2009); 11 U.S.C. § 554 (a) (2009)); on request of a party in interest after notice and a hearing (11 U.S.C. § 554 (b) (2009)); or when the case is closed and the trustee has not otherwise administered the property. (Id., § 554 (c)). Here, plaintiff has not shown or even alleged that her causes of action have been abandoned by the bankruptcy trustee in any of the aforementioned ways.

### 4. Conclusion

For the reasons set forth in this Section, the Court finds Plaintiff is not a real party in interest to this case, as required by Rule 17. Therefore, Plaintiff is ordered to substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Fed. R. Civ. P 17(a)(3).[9] Alternatively, Plaintiff may amend her complaint to allege her lawsuit is exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee, if she is able to do so consistent with Fed. R. Civ. P. 11. Plaintiff must take these actions **on or before October 23, 2009**. If Plaintiff believes it is not necessary to take any of these actions, she must show cause in writing to that effect on or before **October 23, 2009**. If Plaintiff fails to comply with this order within the allotted time, the Court will automatically dismiss this case with prejudice.

### C. Violation of Cal. Civ. Code § 2923.6

Plaintiff's first cause of action is for violation of Cal. Civ. Code § 2923.6.[10] Plaintiff alleges Defendant has a duty to "maximize the value of a loan when payments are in default and the anticipated recovery of a loan modification exceeds that [of a] foreclosure sale." (Compl. at 4.)

---

[9] "Joinder of the Real Party in Interest. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3) (2009).

[10] The Court has reproduced the relevant portions of § 2923.6 in footnote 3, *supra*.

Section 2923.6 is recently-enacted, and there is scarce authority interpreting the statute. However, similar to other district courts that have faced the issue, the Court finds § 2923.6 does not provide a cause of action for Plaintiff. Section (a) applies to loan servicers and parties in a loan pool, and Plaintiff has not alleged he is either type of entity. Moreover, the permissive language in Section (b) does not impose any duty on Defendants. See Nool v. Homeq Servicing, 2009 U.S. Dist. LEXIS 80640, at * 8 (E.D. Cal. Sept. 3, 2009) ("[T]he language of section (b) belies the imposition of any duty to engage in loan modification discussions, as the provision merely expresses legislative "intent" that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification if doing so is consistent with its authority."). Accord Pantoja v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 70856, at *22 (N.D. Cal. July 9, 2009) ("The Court finds that the wording in Section (b) does not impose any duty on Defendants. Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has no cause of action."); Farner v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 5303, at *4-5 (S.D. Cal. Jan. 26, 2009) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers."). Accordingly, Plaintiff's § 2923.6 claim against Wells Fargo is dismissed.

### D.  HOEPA Claim

Plaintiff's second cause of action against Wells Fargo is for violation of HOEPA, 15 U.S.C. § 1639. Plaintiff alleges various TILA violations under this cause of action as well. Congress added HOEPA to the Truth in Lending Act ("TILA") to "combat predatory lending." In re First Alliance Mortgage Co., 471 F.3d 977, 984, n. 1 (9th Cir. 2006). HOEPA applies to certain high risk loans involving higher interest rates and costs. HOEPA's disclosure requirements include those otherwise included under TILA, in addition to the special requirements set out in 15 U.S.C. § 1639. These disclosure requirements only apply to loans in which "the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities" or those in which "the total points and fees payable by the consumer at or before closing will exceed the greater of–(i) 8 percent of the total loan amount; or (ii) $ 400." 15 U.S.C. § 1602(aa)(1)(2009).

As currently alleged, Plaintiff's HOEPA claim against Wells Fargo fails. First, the claim avers only generally to "Defendants[']" violation of HOEPA, making it difficult, if not impossible to tell

which conduct is being alleged against Wells Fargo as opposed to defendant TD Service Company. The claim therefore fails to meet the minimal notice pleading standards of Fed. R. Civ. P. 8. Second, Plaintiff's claim is time-barred. Plaintiff seeks damages and rescission under HOEPA; claims which are governed by the same limitations periods applicable to TILA claims. Claims for damages under these statutes are subject to a one-year statute of limitations,[11] which generally "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). With respect to rescission, TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a) (2009). TILA rescission may be extended up to three years if the lender fails to comply with TILA disclosure requirements. Semar, 791 F.2d at 701-702; 15 U.S.C. § 1635(f) (2009). Here, the alleged date of the loan transaction was April 26, 2009 (Compl. at 5), but Plaintiff brought the instant lawsuit on May 22, 2009, over three years after receiving the loan, which time-bars Plaintiff's claim under either limitations period.

Plaintiff appears to argue the limitations period on her damages claim[12] is subject to equitable tolling, because the alleged HOEPA and TILA violations were concealed by misrepresentations that were not apparent on the face of the loan's disclosure statement. The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. King, 784 F.2d at 914-15. In such circumstances, Courts have discretion to "adjust the limitations period accordingly." Id. Although the applicability of equitable tolling often depends on matters outside the pleadings, and "is not generally amenable to resolution

---

[11] "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2009).

[12] Plaintiff does not specifically argue that her rescission claim is subject to equitable tolling. Moreover, the only authority she cites, Ellis v. GMAC, 160 F.3d 703, 710 (11th Cir. 1998)concerns equitable tolling in the context of a TILA damages claim. The Court therefore finds Plaintiff has raised her equitable tolling "argument" only with respect to her damages claim.

on a Rule 12(b)(6) motion,"[13] the complaint has not alleged any facts that would trigger the doctrine of equitable tolling. Accordingly, the Court grants Wells Fargo's motion to dismiss Plaintiff's second cause of action.

### E. Plaintiff's Miscellaneous Allegations

Plaintiff's complaint contains only two causes of action: one for relief under Cal. Civ. Code § 2923.6 and one for relief under HOEPA. Nevertheless, the complaint's "factual allegations" briefly contend that "[t]his action arises for lack of willingness of Defendants to modify or negotiate current construction loan in violation of [12 U.S.C. § 1715u(a) requires lenders to engage in loss mitigation. [12 U.S.C. 1735f-14(b)(1)(I)] [m]akes a failure to do so a violation subjecting the lender to penalties." (Compl. at 2.) The complaint does not elaborate further on these allegations, and it is unclear whether Plaintiff is seeking relief under statutes she mentions. Accordingly, to the extent Plaintiff has invoked these statutes as independent causes of action against the defendants, the Court finds Plaintiff's scant allegations do not amount to a short and plain statement of the claim showing Plaintiff is entitled to relief, as required by Fed. R. Civ. P. 8.

### F. Injunctive Relief

Without specifically requesting an injunction, Plaintiff briefly claims "[Cal. Civ. Proc. Code § 526(a)(2) indicates that an injunction is appropriate where irreparable harm may be suffered by the applicant if relief is not granted. All real property under the eye of the law is considered unique. Money cannot compensate for the loss of a family residence and home." (Compl. at 7.) To the extent Plaintiff requests injunctive relief, the Court finds such relief is not presently warranted, because the Complaint does not set forth the appropriate legal standard for injunctive relief or present any argument that Plaintiff's situation meets that standard. See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co., 240 F.3d 832, 839-840 (9th Cir. 2001) (holding a preliminary injunction is appropriate if the moving party establishes either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) serious questions going to the merits of the case and the balance of hardships tips sharply in favor of the moving party).

///

---

[13] Supermail Cargo v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted).

1  III.  Wells Fargo's Motion for More Definite Statement

As the Court's dismissal of the entire complaint is dispositive, WMC's motion for definite statement is denied as moot.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion to remand the case to state court is DENIED. The Court GRANTS Wells Fargo's motion to dismiss the complaint, DENIES AS MOOT Wells Fargo's motion for more definite statement, and DISMISSES the complaint in its entirety, WITHOUT PREJUDICE. Plaintiff may file a first amended complaint on or before **October 23, 2009**, but the Court reiterates that Plaintiff, in any amended complaint:

(1) must cure the substantive deficiencies described herein; and

(2) must substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Fed. R. Civ. P 17(a)(3); *or alternatively*, must allege the lawsuit is exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee, *if she is able to do so consistent with Fed. R. Civ. P. 11*.[14]

If Plaintiff believes it is not necessary to take any the actions required by Rule 17, she must show cause in writing to that effect on or before **October 23, 2009**. If Plaintiff fails to comply with the Rule 17 requirements within the allotted time, the Court will automatically dismiss this case with prejudice.

**IT IS SO ORDERED.**

DATED: September 30, 2009

**IRMA E. GONZALEZ, Chief Judge
United States District Court**

---

[14] Federal Rule of Civil Procedure 11 provides, "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it–an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b) (2009).